UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| LLOYD STREATER, | |
| Petitioner, | Civil Action No. 5: 18-392-KKC |
| V. | **MEMORANDUM OPINION AND ORDER** |
| FRANCISCO QUINTANA, Warden, | |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Lloyd Streater has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 1999 Streater was found guilty of one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Based upon the evidence at trial, the court concluded that Streater was responsible for the sale of 120 kilograms of cocaine over an eight-year period. The trial court sentenced Streater to 480 months imprisonment on the conspiracy count and the first possession count, and to 240 months imprisonment on the second possession count, with all terms to run concurrently with one another. *United States v. Streater*, No. 3:97-CR-232-MPS-1 (D. Conn. 1997).

On direct appeal Streater argued that it was improper for the court, rather than the jury, to determine the drug quantity attributable to him in light of the Supreme Court's intervening decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Second Circuit agreed, concluding that

1

because Streater was convicted of possessing and conspiring to possess only an indeterminate amount of cocaine, with no drug quantity established by a jury finding, under *Apprendi* the statutory maximum sentence for both offenses was 20 years pursuant to 21 U.S.C. §§ 841(b)(1)(C), 846. However, the Second Circuit concluded that under § 5G1.2(d) of the Sentencing Guidelines, the trial court should have sentenced Streater to two *consecutive* 240-month terms on the conspiracy and the first possession count instead of imposing two concurrent 480-month terms. Because Streater's sentence would have been the same even without the *Apprendi* error, his substantial rights were not affected and his sentence was affirmed. *United States v. Blount*, 291 F.3d 201, 212-14 (2d Cir. 2002).

Streater then filed a motion under 28 U.S.C. § 2255, again challenging his sentence under *United States v. Crawford*, 541 U.S. 36 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). The trial court denied the motion, and the Second Circuit denied Streater's request for a certificate of appealability. *Streater v. United States*, No. 3: 06-CV-17-EBB (D. Conn. 2006).

Streater repeated his arguments under *Apprendi* and *Booker* in a § 2241 habeas corpus petition he filed in 2012. However, the court denied the petition, finding that his claims were not cognizable in a § 2241 petition, a conclusion affirmed by the Eleventh Circuit on direct appeal. *Streater v. Keller*, No. 1: 12-CV-03007-WSD, 2013 WL 4482510 (N.D. Ga. Aug. 19, 2013), *aff'd*, 576 F. App'x 964, 966 (11th Cir. 2014). Streater also presented these arguments in a prior § 2241 petition filed in this Court, which were likewise rejected as not falling within the scope of § 2255(e)'s savings clause. *Streater v. Quintana*, No. 5: 18-CV-150-DCR (E.D. Ky. 2015).

In his present petition, Streater again asserts that his 480-month sentences ran afoul of *Apprendi* and are hence invalid. He also contends that he is actually innocent of the first cocaine

possession count because in 2015 the trial court granted his motion to amend the judgment to reflect that this count involved only cocaine instead of cocaine and/or cocaine base. [R. 1-1]

The Court must deny the petition because Streater's claims are not cognizable in a § 2241 petition and because they are without merit. Resort to a § 2241 petition as a vehicle to challenge the validity of a sentence is only permissible where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Streater's first claim relies upon *Apprendi* to assert that his 480-month sentences are invalid. This claim fails to satisfy the third requirement of *Hill* because *Apprendi* was decided in 2000 while Streater's direct appeal was pending. It also fails to provide a substantive basis for relief because the Second Circuit has already determined that although *Apprendi* error occurred, Streater was subject to the same total sentence of 480 months imposed by the trial court, albeit in the form of two consecutive 240-month sentences. Contrary to Streater's assertion in his petition, the Bureau of Prisons is not carrying out an invalid sentence.

Streater's second claim is that he is factually innocent of the first count for possession of cocaine based upon a 2015 amendment to the judgment which he himself solicited to remove an errant reference to cocaine base. It is open to question whether a pure claim of "factual innocence" can ever be pursued in a § 2241 petition, as the remedy under Section 2255 cannot be considered "inadequate and ineffective" to pursue such a claim where that statute provides a clear avenue to

3

assert it. 28 U.S.C. § 2255(f)(4), (h)(1). Even assuming such a claim may be pursued, Streater's claim falls far short of demonstrating that he is actually innocent of possessing and trafficking in massive quantities of cocaine over the course of a decade. First, Streater fails to provide any *new* evidence, referring only to evidence and testimony produced or available at trial, and none of that evidence even suggests that he did not traffic in cocaine, the offense for which he stands convicted. [R. 1-1 at 8] Because Streater's petition fails to establish any grounds for relief, it must be denied.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Lloyd Streater's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated June 29, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY